10-3988-ag
Qureshi v. Holder

BIA
Abrams, IJ
A056 073 070

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of February, two thousand twelve.

PRESENT:
    PIERRE N. LEVAL,
    JOSÉ A. CABRANES,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

SHAHBAB QURESHI,
        *Petitioner,*

        v.                                          10-3988-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Amy Nussbaum Gell, Gell & Gell, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Blair O'Connor, Assistant Director; Briena L. Strippoli, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Shahbab Qureshi, a native and citizen of Pakistan, seeks review of a September 14, 2010, decision of the BIA affirming the April 13, 2010, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Shahbab Qureshi*, No. A056 073 070 (B.I.A. Sept. 14, 2010), aff'g No. A056 073 070 (Immig. Ct. N.Y. City Apr. 13, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We have considered both the IJ's and the BIA's opinions. *Zaman v. Mukasey*, 514 F3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

**I. Withholding of Removal**

Withholding of removal is not available to an alien under either the Immigration and Nationality Act ("INA") or the CAT where that alien has been convicted of a "particularly serious

crime." *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). Here, the agency concluded that Qureshi was ineligible for withholding of removal because his conviction constituted a "particularly serious crime." Under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review final orders of removal against aliens who are removable by reason of having committed certain criminal offenses, including aggravated felonies that constitute particularly serious crimes. *See De La Rosa v. Holder*, 598 F.3d 103, 107 (2d Cir. 2010). The limitation on our review, however, is not absolute, and we retain jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), which we review *de novo*, *see Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

To the extent that Qureshi argues that the agency improperly applied legal precedent to conclude that his crime was particularly serious, he raises a question of law over which we have jurisdiction. 8 U.S.C. § 1252(a)(2)(D). Where, as in this case, an alien's conviction is not *per se* particularly serious, the agency generally evaluates on a case-by-case basis whether an alien's offense constitutes a "particularly serious crime," using the factors set forth in

3

*In re Frentescu*, 18 I&N Dec. 244 (BIA 1982). These factors include: (1) the nature of the conviction; (2) the circumstances and underlying facts of the conviction; (3) the type of sentence imposed; and (4) whether the type and circumstances of the crime indicate that the alien will be a danger to the community. *In re Frentescu*, 18 I&N Dec. at 245-46. However, the agency's approach to evaluating whether a crime is particularly serious "has evolved since the issuance of [its] decision in [*In re Frentescu*]," particularly with respect to the consideration of the type of sentence imposed, and whether an alien is likely to be a danger to the community. *In re N-A-M-*, 24 I&N Dec. 336, 342 (BIA 2007) ("[T]he proper focus for determining whether a crime is particularly serious is on the nature of the crime and not the likelihood of future serious misconduct."); *id*. at 347 (observing that the Attorney General has concluded that "the sentence imposed is not a dominant factor in determining whether a conviction is a particularly serious crime"). Accordingly, neither the sentence imposed nor whether an alien is likely to be a future danger to the community are necessary factors in determining whether an alien's conviction was for a "particularly serious crime."

4

In this case, the agency properly applied the relevant precedent in concluding that Qureshi had been convicted of a particularly serious crime. Both the IJ's and the BIA's decisions discuss the nature of the offense – sexual intercourse with a 15-year old girl – and the circumstances and facts underlying the offense – that Qureshi ignored an order of protection in order to continue seeing the girl, and that the sexual intercourse occurred after the order of protection was issued. Because both the IJ and the BIA engaged in a case-specific analysis of Qureshi's offense, and because they applied the factors required by the agency's precedent, the agency committed no error of law in denying Qureshi's request for withholding of removal under either the INA or the CAT. *See In re N-A-M-*, 24 I&N Dec. at 342.

Qureshi also argues that the IJ and the BIA failed to consider certain facts and circumstances underlying his conviction, including that he and the 15-year old girl were in love, and that he assumed that the order of protection was premised on the differences in their religions. This argument is belied by the record, as the IJ explicitly discussed Qureshi's alleged feelings for the girl and the BIA noted his religion argument. Accordingly, these arguments, "merely

5

quarrel[] over the correctness of the factual findings or justification for the discretionary choices" in these proceedings, *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006), and, as such, raise neither questions of law nor constitutional claims.

## II.  Deferral of Removal Under the CAT

Qureshi argues that the agency's denial of his request for deferral under the CAT is not supported by substantial evidence in the record.

Here, substantial evidence supports the agency's conclusion that Qureshi failed to demonstrate that it was more likely than not that he would be tortured if he returned to Pakistan.  Qureshi argues that he will be tortured based on his father's membership in the Pakistani People's Party. Nothing in the record, however, supports this contention, particularly as evidence demonstrates that the Pakistani People's Party governs Pakistan, and has formed a coalition with the Muslim League, and that Qureshi testified that he was never politically active in Pakistan.  Further, other than Qureshi's testimony, which was brief and speculative on this issue, nothing in the record supports his contention that he will be tortured because he lived in the United States and

will be seen as pro-American, or that his criminal conviction in this country will lead to torture in Pakistan. Finally, the record does not support Qureshi's claim that the police will torture him because they did not conduct an investigation and because he will continue to seek justice for his father's murder, as documents in support of his asylum application demonstrate that the police conducted a year-long investigation into his father's death. Absent solid support in the record, Qureshi's claim that he will be tortured in Pakistan for any of these reasons is too speculative to merit relief. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Because the record does not show that it is more likely than not that Qureshi will be tortured in Pakistan, substantial evidence supports the agency's denial of his application for deferral under the CAT.

Finally, Qureshi argues that the BIA erred in failing to consider evidence of conditions in Pakistan that he submitted with his appeal. The BIA, however, did not err as it is prohibited from engaging in any fact finding in deciding appeals. *See* 8 C.F.R. § 1003.1(d)(3)(iv). Where a party asserts that the BIA cannot decide an appeal without further facts, that party must file a motion to remand, *id.*, which Qureshi did not do.

7

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk